UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELINA GARDNER,

        Plaintiff,

v.

WAL-MART STORES EAST, LP,

        Defendant.

                                  /

Case No. 2:25-cv-13162

HONORABLE STEPHEN J. MURPHY, III

## ORDER REMANDING CASE

Plaintiff Angelina Gardner sued Wal-Mart in state court and sought damages in excess of $25,000. ECF No. 1-2, PageID.12. Wal-Mart removed the case to federal court and asserted federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). ECF No. 1, PageID.2–3. The Court then ordered Wal-Mart to show cause for why the case should not be remanded to state court. ECF No. 3. Because Wal-Mart failed to provide good cause, the Court will remand the case to Oakland County Circuit Court.

In its prior order, the Court explained, in detail, its concerns about whether the amount-in-controversy requirement for diversity jurisdiction was met. *See id.* Plaintiff sued Wal-Mart because "she was hit with a metal bar from a shopping rack." ECF No. 1-2, PageID.12. The complaint lacked any specific details about the injury or the shopping rack. *See id.* Nevertheless, Wal-Mart removed the case to federal court and, following the Court's show cause order, argued that it is more likely than not that the amount in controversy exceeds $75,000. ECF No. 6, PageID.62. Wal-Mart pointed to the injuries alleged in the complaint and Gardner's refusal to stipulate to

1

capping damages. *Id.* at PageID.67. The Court, however, already explained why a refusal to cap damages is an insufficient basis for removal. ECF No. 3, PageID.37–38. And Plaintiff's vague and conclusory allegations from the complaint are similarly insufficient.

Plaintiff alleged that she was hit by a metal bar from a clothing rack. ECF No. 1-2, PageID.12–13. Although Plaintiff spent "large sums of money" on medical care, ECF No. 1-2, PageID.14, based on the nondescript facts in the complaint, it is unlikely that Plaintiff's medical expenses amounted to much. After all, the alleged incident is not a more serious matter like a car crash. And the Court doubts that pain and suffering can carry Gardner over the $75,000 mark.

Wal-Mart cited several cases in support of keeping the case in federal court. *See* ECF No. 6, PageID.66–69. First, Wal-Mart cited some diversity cases that district courts have allowed to stay in federal court. One of the cases is distinguishable as an auto accident case that, on its face, lends itself more easily to higher damages. *Barber v. Zurich Am. Ins. Co.*, No. 14-12752, 2015 WL 93530, at *2 (E.D. Mich. Jan. 7, 2015). The other cases, though more factually analogous, offer scant explanation for *why* the case likely exceeded $75,000. *See, e.g.*, *Hogan v. Sam's E., Inc.*, No. 20-10998, 2020 WL 12674189, at *1 (E.D. Mich. Sept. 4, 2020). And the Court can just as easily find better-reasoned cases that came out the other way. *See, e.g.*, *Giffin v. Runyons*, No. 11-146, 2011 WL 5025074 (E.D. Ky. Oct. 21, 2011) (Thapar, J.) (remanding despite allegations that plaintiff fell off a roof, broke his arm, suffered "irreparable and permanent damage to his arm, neck, back, head, and other parts of his body," and

2

suffered $15,000 in lost wages and $10,000 in unpaid medical bills). Accordingly, the Court is unpersuaded by Wal-Mart's persuasive authority.

Second, Wal-Mart cited two cases with verdicts over $75,000 that allegedly prove that this case is likely worth more than $75,000. ECF No. 6, PageID.68–69. Again, the cases are distinguishable. One involved electric shock, nerve pain, and electrical burns from an exposed, live wire in a workplace. *See Flannery v. Packer's Canning Co. Inc.*, 2019 WL 7762129 (W.D. Mich. Nov. 22, 2019). Another involved a tractor-trailer that slammed a parked car into a pedestrian and caused fractured ribs, fractured jaws, and other injuries. *Kerber v. Krawiec*, No. 4-cv-00493, 2004 WL 5520506 (W.D. Mich. 2004). The circumstances of both cases are far more serious than the injuries alleged in the instant case.

Finally, as an alternative to remand, Wal-Mart requested "leave to conduct limited discovery regarding the amount in controversy." ECF No. 6, PageID.70. But "to remove a case from state court to federal court, a defendant must be able to demonstrate, *at the moment of removal,* that the case meets the requirements for federal jurisdiction." *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 955 (E.D. Ky. 2010) (Thapar, J.). Without such a demonstration, courts have said that a defendant cannot get jurisdictional discovery in federal court. *See id.*

The Supreme Court's decision in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014), though focused on class actions rather than run-of-the-mill diversity cases, may have unsettled some of *May*'s strident language on the availability of post-removal jurisdictional discovery about the amount in controversy.

3

*See id.* at 88–89. But even if post-removal jurisdictional discovery may be permissible, district courts still have broad discretion over discovery. *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014). In deciding whether to allow jurisdictional discovery, "courts may—and typically do—consider the likely usefulness of the requested discovery, the moving party's diligence, or the opposing party's cooperativeness." *Cooper v. Glen Oaks Healthcare LLC*, No. 22-5570, 2023 WL 165961, at *1 (6th Cir. Jan. 12, 2023).

Here, Wal-Mart offered no explanation for what sort of discovery would satisfy its burden regarding the amount in controversy. Rather, Wal-Mart simply asked, in a singular sentence at the end of its brief, for "limited discovery." ECF No. 6, PageID.70. As a result, the Court has little reason to think that extra discovery would be useful. Wal-Mart also showed a lack of diligence in obtaining jurisdictional discovery because it did not seek pre-removal discovery in state court. *Cf.* 28 U.S.C. § 1446(b)(3) (permitting removal "within 30 days after receipt by the defendant, through service or otherwise, of . . . [a] paper from which it may first be ascertained that the case is one which is or has become removable"); *see also May*, 751 F. Supp. 2d at 953 (explaining how litigants can seek pre-removal discovery in state court). The Court will therefore remand the case without permitting jurisdictional discovery.

**WHEREFORE**, it is hereby **ORDERED** that the case is **REMANDED** to the

4

5

Circuit Court for the County of Oakland.

This is a final order that closes the federal case.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: November 18, 2025